NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEZQUAN BATTS,<br><br>                  Plaintiff,<br><br>        v.<br><br>GOV. PHIL MURPHY, *et al.*,<br><br>                  Defendants. | Civil Action No. 25-3805 (GC) (JBD)<br><br>**MEMORANDUM & ORDER** |

**CASTNER, District Judge**

Plaintiff, a convicted and sentenced state prisoner, is proceeding *pro se* with a complaint under 42 U.S.C. § 1983. (ECF No. 1 ("Complaint").) To date, Plaintiff has neither paid the filing fee nor applied to proceed *in forma pauperis* ("IFP"). The Court will administratively terminate this action and provide Plaintiff with 30 days to submit a complete IFP application or pay the $405.00 fee.

The Prison Litigation Reform Act of 1995 ("PLRA"), which amended 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action IFP. Under the PLRA, a prisoner bringing a civil action IFP must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his or her inmate trust fund account statement for the six-month period immediately preceding the filing of the complaint. *Id.* § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he or she was or is confined. *Id.*

The entire fee to be paid in advance of filing a civil complaint is $405. That fee includes a filing fee of $350 plus an administrative fee of $55, for a total of $405. A prisoner who is granted IFP status will, instead, be assessed a filing fee of $350 and will not be responsible for the $55 administrative fee. If IFP status is denied, the prisoner must pay the full $405, including the $350 filing fee and the $55 administrative fee, before the complaint will be filed.

If the prisoner is granted IFP status, the prisoner must pay the full amount of the $350 filing fee as follows. *Id.* § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. *Id.* § 1915(b)(2).

Plaintiff may not have known when submitting the Complaint that the filing fee must be paid, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B); *see also id.* § 1915A(b). If the Court dismisses the case for any of these reasons, the PLRA does not permit the prisoner to get his or her filing fee back.

If the prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, the prisoner cannot bring another action IFP unless the prisoner is in imminent danger of serious physical injury. *Id.* § 1915(g).

Here, Plaintiff has not submitted an IFP application or paid the $405.00 fee. The Court will therefore administratively terminate this action without directing the Clerk of the Court to file

the Complaint or assess a fee. If Plaintiff wishes to reopen this action, Plaintiff must submit a complete IFP application *or* pay the $405.00 fee within 30 days.

**IT IS**, therefore, on this 20th day of May, 2025, **ORDERED** as follows:

1. The Clerk shall **ADMINISTRATIVELY TERMINATE** this matter, without filing the Complaint or assessing a fee; Plaintiff is advised that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013).

2. Plaintiff may reopen this case by submitting a complete IFP application *or* paying the $405.00 fee within thirty (30) days of the date of entry of this Memorandum and Order; Plaintiff shall address this submission to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608.

3. The Clerk shall serve copies of this Memorandum and Order and a blank form DNJ-Pro Se-007-A-(Rev.12/2023) upon Plaintiff by regular U.S. mail.

*/s/ Georgette Castner*
_____
GEORGETTE CASTNER, U.S.D.J.