**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LEZQUAN BATTS,<br><br>                    Plaintiff,<br><br>     v.<br><br>GOV. PHIL MURPHY *et al*,<br>*NEW JERSEY GOV OFFICIAL CAPACITY*<br><br>                    Defendants. | Civil Action No. 25-3805 (GC) (JBD)<br><br>**MEMORANDUM & ORDER** |

**CASTNER, District Judge**

Plaintiff, a convicted and sentenced state prisoner incarcerated at South Woods State Prison, Bridgeton, New Jersey, is proceeding *pro se* with a complaint under 42 U.S.C. § 1983. (ECF No. 1.)

On May 20, 2025, the Court administratively terminated this matter and provided Plaintiff 30 days to submit a complete application to proceed *in forma pauperis* or pay the $405 fee. (ECF no. 3 ("May 20, 2025 Memorandum and Order") at 3.)

On or about June 4, 2025,[1] Plaintiff submitted an IFP application. (ECF No. 4 ("First IFP Application").) However, Local Civil Rule 81.2(b) states that "[t]he affidavit and certification shall be in the forms attached to and made a part of these as Appendix P." Plaintiff did not use the form mandated by the Court to be used by a prisoner applying to proceed IFP in a civil rights case,

---

[1] *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (holding that a *pro se* prisoner's filing is deemed filed at the moment he or she delivers it to prison officials for mailing to the district court).

*i.e.,* form DNJ-Pro Se-007-A-(Rev.12/2023). Instead, Plaintiff used the form designated for a prisoner applying to proceed IFP in a habeas corpus case, crossed out "HABEAS CORPUS," and wrote in "Civil Action." (ECF No. 4 at 1-2.) According to the cover letter accompanying the First IFP Application, Plaintiff used the form provided by the law library. (ECF No. 4-1 at 1.) But, in its May 20, 2025 Memorandum and Order, the Court had ordered the Clerk of the Court to serve a copy of the requisite form upon Plaintiff by regular U.S. mail. (ECF No. 3 at 3.) Furthermore, the prisoner must submit a certified copy of his or her inmate trust fund account statement for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he or she was or is confined. *Id.* Plaintiff did not submit the requisite certification or certifications from the appropriate prison official or officials; instead, Plaintiff signed the certification under Plaintiff's name (and with the Title "Self"). (ECF No. 4 at 3.) Finally, Plaintiff acknowledged that the attached account statements did not encompass the full six-month period preceding the filing of the Complaint. (*Id.*)

On or about June 5, 2025, Plaintiff submitted a second IFP application. (IECF No. 5 ("Second IFP Application").) Plaintiff did not use the required form, and the application was incomplete. (*Id.*) Furthermore, Plaintiff did not submit any certification from a prison official. On the same day that the Clerk of the Court received this Second IFP Application, the Court also received an apparent cover letter from Plaintiff, dated June 5, 2025. (ECF No. 6.) In this correspondence, Plaintiff asked for a copy of the Court's rules of procedures (or for the cost to purchase the rules); indicated that a copy of the six month statement and a "short form" IFP application are enclosed; requested entry of either judgment on the pleadings as a matter of law or

...

a default judgment, or to be granted an appeal or leave to cure any jurisdictional defects; and asked for a preliminary injunction to allow more library time and access to legal materials. (*Id.* at 1.)

Accordingly, this action will remain administratively terminated, and the Court will deny Plaintiff's requests without prejudice. If Plaintiff wishes to reopen this action, Plaintiff must submit a proper IFP application *or* pay the $405.00 fee within 30 days.

**IT IS**, therefore, on this 10th day of July, 2025, **ORDERED** as follows:

**ORDERED** that this matter shall remain administratively terminated; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Accident Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dept.*, 413 F. App'x 498, 502 (3d Cir. 2011) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs . . . ."); and it is further

**ORDERED** that Plaintiff's requests (ECF No. 6) are **DENIED** without prejudice; and it is further

**ORDERED** that, if Plaintiff wishes to reopen this case, Plaintiff shall so notify the Court, in a writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, within 30 days of the date of entry of this Memorandum and Order; Plaintiff's writing shall include either (i) a complete, signed IFP application on form DNJ-Pro Se-007-A-(Rev.12/2023), including a *certified* copy or copies of Plaintiff's inmate trust fund account statement for the six-month period immediately preceding the filing of the Complaint

obtained from the appropriate official of each prison at which Plaintiff was or is confined, or (ii) the full $405 fee including the $350 filing fee plus the $55 administrative fee; and it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that Plaintiff wishes to reopen this case, and either (i) a complete, signed IFP application on form DNJ-Pro Se-007-A-(Rev.12/2023), including a certified copy or copies of Plaintiff's inmate trust fund account statement for the six-month period immediately preceding the filing of the Complaint obtained from the appropriate official of each prison at which Plaintiff was or is confined, or (ii) the full $405 fee including the $350 filing fee plus the $55 administrative fee, the Clerk of the Court will be directed to reopen this case; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order and a blank form DNJ-Pro Se-007-A-(Rev.12/2023) upon Plaintiff by regular U.S. mail.

_____
GEORGETTE CASTNER
United States District Judge